8029

RUSSELL v. LYON.

OFFICERS—COMMISSION.—Where an act of the legislature directs certain county officers to be appointed by the Governor, on the recommendation of the majority of the legislative delegation from that county, and the Governor declines to appoint and commission those so recommended, they are not entitled to be paid by the county treasurer for services rendered in discharging the duties of such office.

Petition in the original jurisdiction of this Court by L. H. Russell and others for mandamus against R. L. Lyon, T. Hughes and F. Graham Payne, treasurer of Greenwood county.

*Mr. D. H. Magill,* for petitioners.

*Mr. Giles Ousts,* contra.

November 8, 1911.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   This is a petition in the original jurisdiction of the Court under which certain citizens and taxpayers of Greenwood county seek to enjoin the respondents, Lyon and Hughes, from holding and exercising the office of rural policemen of said county and receiving the salary thereof, and to enjoin respondent Payne as treasurer of said county from paying Lyon and Hughes the said salary.

Upon return to the rule to show cause the respondents demurred to the jurisdiction of the Court, but subsequently the demurrer was withdrawn and the cause was submitted to the Court on its merits upon the following facts:

"Under the act of the legislature of 1911, page 194, the Governor commissioned J. B. Riley, L. C. Elledge, and R. L. Golden, immediately upon the approval of said act, rural policemen for Greenwood county, upon the recommenda-

tion of D. H. Magill, Esq., one of the four members of the legislative delegation for Greenwood county, the other three members of the delegation not being notified, nor given an opportunity to make recommendations. J. B. Riley resigned 30 days after his appointment. The other two, L. C. Elledge and R. L. Golden, demanded the salary of the office and after refusal of payment brought mandamus against the county officials to compel payment. See *Elledge* v. *Wh· rton,* 89 S. C. 113.

"Immediately after the decision of the Supreme Court in this case the legislative delegation of Greenwood county was called together for the purpose of recommending to the Governor for appointment three suitable men for the position of rural policemen for Greenwood county under the terms of said act. At said meeting the full delegation was present and they selected by ballot of three votes each the following men as rural policemen, L. C. Elledge, R. T. Hughes and R. L. Lyon, all electors and citizens of Greenwood county. Mr. D. H. McGill, one of the Greenwood county delegation, being present but refused to vote. The names of the three men were submitted to the Governor for appointment and he was requested to appoint them, but he refused to make any other appointments than he had already made, and stated that he would not commission R. T. Hughes and R. L. Lyon, without giving any reason for such refusal.

"L. C. Elledge holds his office under his first commission. The three men, L. C. Elledge, R. T. Hughes and R. L. Lyon, thus elected and recommended by three of the four members of the legislative delegation, duly qualified as such rural policemen for Greenwood county, having done everything required by law to perfect their title to the said office except to receive their appointment and commission, and have discharged the duties of the said office for one month. The Governor has continued to neglect and refuse to commission them."

The act to provide for the establishment and maintenance of a rural police system in Greenwood county approved February 18, 1911, enacts in section 1 as follows:

"That upon the approval of this act it shall be the duty of the Governor, upon the recommendation of the legislative delegation of Greenwood county, to appoint three able-bodied men of the county of Greenwood, who are of good habits and of courage, coolness and discretion, known as men who are not addicted to the use of alcoholic liquors, or of drugs, and shall commission them as county policemen for a term of four years, subject to removal by the Governor for cause, provided however, that no person shall be eligible to appointment as such policemen who make application for such appointment."

In the case of *Elledge* v. *Wharton,* 89 S. C. 113, it was held that an appointment by the Governor to the office of rural policeman under this statute, without the recommendation of the legislative delegation, was invalid because the statute expressly provides that the appointment should be made upon such recommendation. By the same rule of construction we must now hold that the mere recommendation of the legislative delegation without an appointment by the Governor can confer no right to the office. It was entirely within the power of the legislature to prescribe how these appointments must be made, and the statute plainly requires the concurrence of the legislative delegation and the Governor in ascertaining and determining the existence of the prescribed qualifications for the office and the selection of the person to be commissioned.

It appears from the facts stated that the Governor has not assented to the appointment of respondents Lyon and Hughes, and it must follow that they have no authority to act as rural policemen of Greenwood county and are not entitled to the salary claimed by them as such officers.

Nor are they entitled to the salary as *de facto* officers. Unlike the petitioners in *Elledge* v. *Wharton, supra,* they

do not show even color of title to the office, for the mere recommendation of the legislative delegation not concurred in by the Governor and not followed by commission or some *prima facie* evidence of appointment, does not constitute such color of title to office, as might under certain circumstances justify a Court in awarding them the salary attached to the office.

We will not in this proceeding undertake to oust respondents from an office they are alleged to have usurped, but have considered the matter of their right to the office only with the view to determine the duty of the respondent treasurer with reference to the payment of the salary claimed.

The judgment of the Court is that the respondent Payne, treasurer of Greenwood county, be and he is hereby enjoined from paying salaries claimed by respondents, Lyon and Hughes, as rural policemen of Greenwood county.