8205

STATE EX REL. LYON, ATTORNEY GENERAL, v. VERDIER.

SAME v. ALEXANDER.

SAME v. BOINEAU.

SAME v. WALKER.

OFFICERS—TOWNSHIP COMMISSIONERS—BEAUFORT—26 STATS., 51.—Persons exercising the duties of township commissioners in the county of Beaufort under the appointment of the governor without recommendation of the senator and members of that county for a time including a regular term of the State Senate, and not confirmed by the Senate, under 26 Stats., 51, are unlawfully holding and exercising the duties of such office.

Four actions for injunction in the original jurisdiction of this Court: (1) The State of South Carolina. Ex rel. J. Fraser Lyon as Attorney General, against C. A. Verdier, J. R. Cooler and W. W. Hudson; (2) Same against A. J. Alexander and W. H. Stalworth; (3) Same against C. E. Boineau, J. W. Campbell and B. Josselson; (4) Same against C. A. Walker, R. A. Coburn and S. S. Kellars.

*Attorney General J. Fraser Lyon,* for petitioner.

*Mr. W. J. Tolbird,* contra.

May 14, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. These four causes were heard together by this Court in its original jurisdiction and involve substantially the same questions of law and fact, so it is only necessary to set out the pleadings in one case. The complaint in the first named action, omitting the usual caption, alleges:

1. "That plaintiff is informed and believes that C. A. Verdier, J. R. Cooler and W. W. Hudson have since the ———— day of February, 1911, been exercising, and are still exercising, the powers and duties of the office of town-

ship commissioners for Bluffton township, in Beaufort county, without legal appointment to said office and without authority for exercising the powers and duties thereof.

2. "That on the 24th day of February, 1911, the Governor of the State, without the recommendation of the Senator and members of the House of Representatives from Beaufort county, appointed the said C. A. Verdier, J. R. Cooler and W. W. Hudson to be township commissioners for Bluffton township, in Beaufort county. That said appointments have never been submitted to the Senate for approval and have not been confirmed by the Senate.

3. "That the said C. A. Verdier, J. R. Cooler and W. W. Hudson, under the said appointments, illegally given to them as township commissioners as aforesaid, and without the consent and approval of the Senate, and without any other or any legal warrant, right or grant whatsoever, have undertaken to exercise the powers and duties of said office, and have since that time continuously exercised the powers and duties of said office, notwithstanding the fact that they were unlawfully appointed as aforesaid, and no commissions have been issued to them as such township commissioners.

4. "Wherefore, the plaintiff prays that this Court. in the exercise of its original jurisdiction, issue its order against the said C. A. Verdier, J. R. Cooler and W. W. Hudson, the defendants above named, requiring them to answer and show by what authority they claim to hold and exercise the duties of said office of township commissioners for Bluffton township, in Beaufort county. That it be adjudged that the said C. A. Verdier, J. R. Cooler and W. W. Hudson are unlawfully exercising said office of township commissioners as aforesaid, and that they be excluded therefrom. That the said C. A. Verdier, J. R. Cooler and W. W. Hudson be required to pay the costs of this action, together with such fine, not to exceed two thousand ($2,000.00) dollars each, as the Court may adjudge."

Upon the verified complaint, a rule requiring the defend-.
.ants to show by what authority they were exercising the
duties of said office, etc., was issued by Chief Justice
Gary and made returnable to this Court on April 29, 1912,
on which day the defendants, by their counsel, appeared,
and first demurred to the complaint, and asked that the
same be dismissed, on the following grounds:

1. "Because it appears on the face of the complaint, that
the defendants therein named were appointed as township
commissioners of Beaufort county by the Governor in
February, 1911, entered immediately thereafter upon the
discharge of the duties of their offices, and have continued
so to do for over a year without question and are at least
*de facto* officers.

2. "Because there is nothing in the complaint to show
that they were not legally appointed to said offices by the
Governor, nor does it appear in the complaint that the dele-
gation from Beaufort county, even if that were necessary,
recommended any other persons to the Governor for
appointment in the said several townships in said county.

3. "Because there is nothing in the complaint to show
that any of the defendants usurped, intruded into or are
unlawfully holding or exercising the said offices.

4. "Because it does not appear upon the face of the com-
plaint, that there are any other persons than the defendants
who are qualified under the law to discharge the duties of
the several offices if vacated by defendants in this case.

5. "Because it appears by the complaint, that if there ever
were any persons legally qualified to perform the duties of
these offices they have vacated the same by abandonment
in not undertaking to discharge the duties of these offices
or making an effort to do so."

In addition to the demurrer, the defendants answer and
make return both. By their answer they admit they are
exercising the duties of the office as alleged, but deny that
they were not legally appointed. On the contrary, they

allege their appointment to office was legal. That on February ——, 1911, they were notified by the clerk of Court of Beaufort county of their appointment, and promptly filed their oath of office with him, and entered upon the discharge of the duties of the office to which they had been appointed, deeming nothing further necessary to perfect their title to office. They allege there is another action pending in the Court of Common Pleas for Beaufort county, to test their title to the office, in which the State, *Ex relatione* J. W. Simmons *et al.* are plaintiffs. Allege that at the last session of the legislature an act passed, known as the Beaufort Delegation Bill, purporting to legislate them out of office and naming others in their stead, which act they allege, on information and belief, is unconstitutional and void, which is the only thing, and a temporary injunction, which was set aside, that interfered with them in the discharge of the duties of their office since their first appointment by the Governor. They allege that in April, 1912, prior to service of papers on them in this case, that they received notice that they had been reappointed to these offices by the Governor, and filed their oaths of office and expect soon to get their commissions. They deny that it is necessary for their appointments to be confirmed by the Senate, and allege that no demand has ever been made on them by any one to turn these offices over to them. The return raises practically the same questions as the demurrer and answer of defendants. The plaintiff interposed a demurrer to the answer and returns of the defendant, on the ground that it fails to state facts sufficient to constitute a defense, in that:

1. "It admits all of the material allegations of the complaint.

2. "It is not alleged that the defendants were appointed by the Governor, either in 1911 or in 1912, upon the recommendation of the Senator and members of the House of Representatives from Beaufort county.

3. "It is not alleged that the action pending against them in Court of Common Pleas has the same parties plaintiff and defendant. as in this action. On the contrary, it appears that the said action is brought by J. W. Simmons *et al., as relators,* and it is not alleged that said relators had any right to use the name of the State or authority granted by the Court or Judge to bring such action."

The demurrer to the return is on the ground that it fails to state facts sufficient to constitute a defense and that it fails to show why defendants should not be ousted from office, in that it fails to allege that any of defendants were appointed by the Governor, either in 1911 or in 1912, upon the recommendation of the Senator and members of the House of Representatives of Beaufort county.

On the trial of the cases an order was passed dismissing the complaint as to B. Josselson.

The demurrer interposed by the defendants to plaintiff's complaint is overruled, and the demurrer interposed by the plaintiff to the answer and returns of the defendants must be sustained. These cases are controlled by decisions of this Court in *Elledge* v. *Wharton,* 89 S. C. 113, and *Golden* v. *Wharton,* 90 S. C. 355; *Russell et al.* v. *Lyon,* 90 S. C. 5, 72 S. E. 496. There being a striking similarity in the facts of the cases and the wording of the acts providing how rural policemen are to be appointed in Greenwood county and township commissioners in Beaufort county. See Acts of Legislature, 1909, page 51, and 1911, page 194.

It is, therefore, adjudged that the defendants against whom these actions are brought and are still before the Court are guilty of usurping and intruding into, and are unlawfully holding and exercising the duties of the office of township commissioners in Beaufort county; and it is the judgment of this Court that the defendants be excluded from said offices and that the plaintiff recover costs in each case against the defendants.